UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN-PAUL EL WOODRUFF, | Case No. 19-cv-04300-WHO |
| Plaintiff, | |
| v. | **ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; CONSTRUING GOVERNMENT'S NOTICE AS NOTICE OF REMOVAL** |
| MASON MCDUFFIE MORTGAGE CORPORATION, et al., | |
| Defendants. | Re: Dkt. Nos. 5, 10 |

On March 22, 2019, pro se plaintiff Kevin-Paul El Woodruff[1] initiated this action for wrongful foreclosure and a number of related claims against a several defendants, including federal defendant Ginne Mae Guaranteed Remic Trust 2017-134 Trust ("Ginnie Mae"). [Dkt. No. 1]. Woodruff initially filed his complaint in the Superior Court for Contra Costa County, where it was assigned case number C19-00559. *Id.* But on July 26, 2019, Woodruff removed his own case to this court where it was originally before Hon. Joseph Spero. *Id.*

Judge Spero issued a report and recommendation, recommending that this case be remanded sua sponte to state court. [Dkt. No. 5]. He reasoned that under 28 U.S.C. § 1441(a), only a defendant may remove a case and the Supreme Court has held that federal courts lack jurisdiction to consider cases removed by a plaintiff. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Progressive W. Ins. Co. v. Perciado*, 479 F.3d 1014, 1017–18 (9th Cir. 2007)). Because not all parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c), this case was reassigned to me on August 7, 2019. [Dkt. No. 9].

---

[1] Woodruff also uses names such as Chief Wanag Stutson and Wanag Tahatan-Bey. Woodruff uses a variety of unconventional capitalizations and punctuations for his names. The difference in capitalization and punctuation is of no legal consequence.

On August 15, 2019, Ginnie Mae filed a notice of intent to remove requesting that I do not adopt Judge Spero's report and recommendation. [Dkt. No. 10]. Ginnie Mae states that it had initially intended to remove this case but Woodruff removed it first. *Id.* It asks that rather than remanding this case now, only for it to have to remove it again, I should instead treat its filing as it if were a notice of removal filed simultaneously with Woodruff's notice of removal.

Ginnie Mae's request is granted. As the court stated in *Sanchez v. Homestead Funding Corp.*, No. 13-cv-01850, 2014 WL 4145546, at *2 (D. Conn. Aug. 19, 2014):

> Ginnie Mae is a corporation that is wholly owned by the United States within the Department of Housing and Urban Development ("HUD"). 12 U.S.C. § 1717(a)(2)(A). All of the "benefits and burdens" of Ginnie Mae's operations "inure solely to the Secretary of the Treasury," *id.* § 1722, and all of Ginnie Mae's powers and duties are "vested in the Secretary of Housing and Urban Development and . . . administered under the direction of the Secretary," *id.* § 1723(a). Ginnie Mae therefore has the status of a federal agency. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 714 n.9 (2d Cir. 2013) (internal quotation marks and citation omitted) ("As securities issued by a federal agency, Ginnie Mae securities carry the full faith and credit of the United States."); *Gov't Nat. Mortgage Ass'n v. Terry*, 608 F.2d 614, 615 (5th Cir.1979) ("Ginnie Mae is an agency within the meaning of [28 U.S.C. § ] 1345 [United States as plaintiff]."); *Channer v. Loan Care Serv. Ctr., Inc.*, No. 11–cv–135, 2011 WL 2437270, at *1 (D. Conn. June 14, 2011) ("Federal jurisdiction is conferred here because [Plaintiff] has sued Ginnie Mae, among others. Under 28 U.S.C. § 1442(a)(1), when a United States agency is sued in state court for an action committed in its official capacity, that agency may remove the action[.]").

As a federal agency, Ginnie Mae has a statutory right of removal pursuant to 28 U.S.C. § 1442(a)(1). Remanding this case and forcing Ginnie Mae to remove it again would waste time and resources both here and at the state court. Accordingly, I decline to adopt Judge Spero's report and recommendation and construe this case as properly removed by Ginnie Mae under 28 U.S.C. § 1442(a)(1).

A Case Management Conference is set for September 24, 2019 at 2 p.m. The parties' Joint

Case Management Statement shall be filed by September 17, 2019.

**IT IS SO ORDERED.**

Dated: August 22, 2019



William H. Orrick
United States District Judge