UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN-PAUL EL WOODRUFF,<br><br>Plaintiff,<br><br>v.<br><br>MASON MCDUFFIE MORTGAGE CORPORATION, et al.,<br><br>Defendants. | Case No. 19-cv-04300-WHO<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. No. 38 |

Before me is a motion to set aside entry of default by defendants Cenlar FSB and Texas Capital Bank, N.A. Plaintiff Kevin-Paul El Woodruff's opposition to the motion was due on July 20, 2020. No opposition has been filed to date. Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and hereby VACATE the hearing set on this motion. For the reasons discussed below, defendants' motion to set aside entry of default entered by Contra Costa Superior Court is GRANTED.

**BACKGROUND**

On March 22, 2019, Woodruff filed his Complaint in Contra Costa Superior Court, alleging claims for wrongful foreclosure and a number of related claims against several defendants. Notice of Removal [Dkt. No. 1]. According to the proof of service submitted by Woodruff on April 22, 2019, he mailed a Notice of Acknowledgment to defendants pursuant to California Code of Civil Procedure section 415.30. Declaration of Jonathan C. Cahill in Support of Motion to Set Aside Entry of Default as to Defendants Cenlar FSB (Erroneously Named as Cenlar) and Texas Capital Bank, N.A. ("Cahill Decl.") [Dkt. No. 38-1], Ex. A.[1] There is no

---

[1] I find judicial notice of the following documents is appropriate in deciding this motion: Cahill Decl., Ex. 1 (proof of service of the Complaint and Summons filed by Woodruff on April 22,

evidence that an executed Notice of Acknowledgment has ever been filed by Woodruff. *Id.* ¶ 3. Defendants also attest that they have not returned an executed Notice of Acknowledgment to Woodruff. *Id.* ¶ 5.

On May 28, 2019, Woodruff filed for entry of default and the Superior Court entered defaults against defendants the same day. Cahill Decl., Ex. 2. Defendants' counsel was notified of the default after he checked the Register of Actions on May 30, 2019. *Id.* ¶ 7. After failed attempts to resolve the matter with Woodruff, defendants filed their motion to set aside the defaults in Superior Court on June 24, 2019 and attached a proposed demurrer to the Complaint. *Id.* ¶ 12. However, prior to the hearing on the motion, Woodruff "removed" the case to federal court on July 26, 2019. *Id.* ¶¶ 12–13.

On August 22, 2019, I declined to adopt Magistrate Judge Joseph C. Spero's recommendation to remand the case because, although it was improper for Woodruff to remove the action as only defendants may remove a case, one of the defendants filed a notice of intent to remove the case. Order Declining to Adopt Report and Recommendation; Construing Government's Notice as Notice of Removal [Dkt. No. 11]. The case was then stayed on September 24, 2019 in light of the pending bankruptcy proceedings by Woodruff. Minute Entry and Order [Dkt. No. 17]. The stay was lifted on April 23, 2020. Order Lifting Stay and Setting Case Management Conference [Dkt. No. 25].

Woodruff filed an Amended Complaint on June 10, 2020. Defendants re-filed this motion to set aside entry of default on July 6, 2020. Notice of Motion and Motion to Set Aside Default ("Mot.") [Dkt. No. 38]. An opposition was due on July 20, 2020 but none has been filed to date.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides the standard for determining whether a motion to set aside an entry of default should be granted. Rule 55(c) states that "[t]he court

---

2019) and Ex. 2 (request for entry of default filed by Woodruff on May 28, 2019). *See Bey v. Malec*, No. 18-CV-02626-SI, 2018 WL 3145628, at *4 (N.D. Cal. Jun. 27, 2018) (taking judicial notice of state court records in deciding motion to set aside entry of default, including plaintiff's request for entry of default).

1   may set aside an entry of default for good cause, and it may set aside a final default judgment

2   under Rule 60(b)." Fed. R. Civ. P. 55(c). A court has broad discretion to set aside an entry of

3   default. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). The standard

4   for setting aside an entry of default is less rigorous than the standard for setting aside a default

5   judgment. *See Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The

6   factors used when considering a motion to set aside an entry of default or default judgment are: (1)

7   whether defendant's culpable conduct led to the default; (2) whether the defendant has a

8   meritorious defense; and (3) whether the plaintiff would be prejudiced if the judgment is set

9   aside. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994), *as amended* (Jul. 1, 1994), *as*

10  *amended* (Jul. 12, 1994); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.

11  1988); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

12  A court may deny a motion to set aside an entry of default if any one of the three factors

13  favor default. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922,

14  925–26 (9th Cir. 2004) (citation omitted). The defendant bears the burden of establishing that the

15  default should be set aside. *Id.* (citation omitted). However, default judgments are generally

16  disfavored and "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*

17  *v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986); *see also TCI Group Life Ins. Plan v.*

18  *Knoebber*, 244 F.3d 691, 693 (9th Cir. 2001) *as amended on denial of reh'g and reh'g en*

19  *banc* (May 9, 2001) (recognizing "the long-standing principle that default judgments are

20  disfavored").

21  **DISCUSSION**

22  Defendants request that I set aside entry of default because they were not properly served

23  with the Complaint and Summons, and the Superior Court made a clerical error in granting the

24  entry of default. I must therefore consider: (1) whether defendants' culpable conduct led to the

25  default; (2) whether defendants have a meritorious defense; and (3) whether Woodruff would be

26  prejudiced if the default is set aside.

27  **I.    CULPABLE CONDUCT**

28  "[A] defendant's conduct is culpable if he has received actual or constructive notice of the

3

filing of the action and intentionally failed to answer." *TCI*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* (citation omitted).

The proof of service attached to the original Complaint indicates at least three different ways Woodruff claimed that he effectuated service. First, he claimed to have served defendants through substituted service pursuant to California Civil Procedure 415.20. *See* Cahill Decl., Ex. 1. California Code of Civil Procedure section 415.20(b) allows service to be made on an individual by leaving a copy of the summons and complaint at the person's usual place of business in the presence of the person apparently in charge of the office and thereafter mailing copies of the documents to the same location. Cal. Civ. Proc. Code § 415.20(b). The proof of service only indicates that Woodruff mailed the Complaint and Summons via first-class mail. This does not satisfy the requirements for section 415.20.

Next, he claimed to have served defendants through mail and acknowledged of receipt of service. California Code of Civil Procedure section 415.30 allows for service by mailing a copy of the summons and complaint with a Request To Acknowledge Receipt thereof. "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30(c).[2] In other words, "[section] 415.30 holds that service of the summons is complete on the date the defendants sign the Acknowledgment." *Brady v. Persinger*, No. C 93-20371 RPA, 1994 WL 669855, at *1 (N.D. Cal. Nov. 29, 1994).

Here, no executed Notice of Acknowledgement was ever filed by Woodruff. Neither his proof of service nor requests for default attached completed Notices of Acknowledgement from defendants. Cahill Decl., ¶ 4, Exs. 1, 2. Furthermore, defendants contend that their records reflect

---

[2] In their motion, defendants repeatedly refer to this section as "471.30" instead of "415.30". This is clearly a typographical error.

4

that a Notice of Acknowledgement was not completed and mailed back to Woodruff. *Id.* ¶ 5; Declaration of Jennifer Scoliard Deputy General Counsel of Cenlar FSB [Dkt. No. 38-2] ¶ 3; Declaration of Catherine Rentzel, General Counsel of Texas Capital Bank, N.A. [Dkt. No. 38-3] ¶ 3.

Finally, to the extent that Woodruff claimed service was effectuated pursuant to California Code of Civil Procedure section 415.40, this argument also fails. It is clear from the proof of service that defendants were merely served as "Cenlar FSB" and "Texas Capital Bank" at addresses outside of California without naming or serving any individual prescribed by California Code of Civil Procedure section 416.10. This section makes it clear that when serving a corporation, a copy of the summons and complaint must be served to a corporate officer, general manager, "or another person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b). Simply naming and serving a corporate defendant directly is insufficient. *See Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426, 1442 (1994) (holding that service via mail to a corporate defendant directly without naming an authorized individual does not satisfy sections 416.10 and 415.40, and when the proof of service reflects this, "defendants [are] not required to present any evidence in order to establish the invalidity of the service and the resulting lack of personal jurisdiction" and that "no presumption of proper service ever arose").

Defendants contend that they were surprised to discover a default had been entered against them when their counsel checked the Register of Actions on May 30, 2019. Cahill Dec. ¶ 7. They filed a motion to set aside entry of default in Contra Costa Superior Court, but Woodruff removed the action before their motion was heard. *Id.* ¶ 14. Once the case was properly removed by one of the other defendants, it was stayed due to bankruptcy proceedings. *Id.* ¶ 17. Defendants promptly re-filed their motion to set aside entry of default once the stay was lifted.

Defendants have adequately demonstrated that their failure to respond was not in bad faith. The record also shows that defendants acted promptly in moving to set aside default. Accordingly, there is no evidence that defendants engaged in culpable conduct that led to the default.

## II.   MERITORIOUS DEFENSE

Defendants do not have a heavy burden in proving a meritorious defense; a defendant only needs to present specific facts to have a meritorious defense. *TCI*, 244 F.3d at 700; *see Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (finding defendant has no meritorious defense against default judgment when defendant's Answer offered a "mere general denial without facts to support it"); *Franchise Holding II, LLC. v. Huntington Restaurant Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

Defendants attach a proposed motion to dismiss the Amended Complaint, similar to those already asserted in the other defendants' pending motions to dismiss. *See* Cahill Decl., Ex. 3. They argue that Woodruff's Amended Complaint falls short of the pleading requirements because the allegations are so convoluted that defendants cannot ascertain exactly what claims are being brought against them. *Id.* at 5–6. They contend that Woodruff lacks standing and is barred by res judicata and the doctrine of judicial estoppel from bringing his Amended Complaint because he previously brought adversary proceedings against them in the Bankruptcy Court for Northern District of California, and that action was dismissed with prejudice. *Id.* at 7–10. Lastly, they make argument as to why each of his seven claims are insufficiently pleaded. *Id.* at 10–14.

Because the proposed motion to dismiss presents legally cognizable defenses to the complaint, this factor weighs in favor of setting aside default. *See Shoaga v. Maersk, Inc.*, No. C 08-786 SBA, 2008 WL 4615445, at *4 (N.D. Cal. Oct. 17, 2008) (setting aside default based on meritorious defense of res judicata); *Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-CV-00602 NC, 2014 WL 1724850, at *3 (N.D. Cal. Apr. 29, 2014) (setting aside default based on meritorious defenses of res judicata, failure to state a claim and lack of standing).

## III.   PREJUDICE

A plaintiff is prejudiced when the plaintiff is hindered from pursuing the claim. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see, e.g.*, *TCI*, 244 F.3d at 701 (finding prejudice when setting aside judgment results in greater harm than delaying resolution of the case). *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996) (finding prejudice when delay results in tangible harm like loss of evidence, increased discovery difficulties, or greater

opportunity for fraud or collusion).

No default judgment has been entered here. Woodruff has not filed an opposition to this motion and there is no evidence to suggest that his ability to pursue his claims will be hindered if I set aside the entry of default. *See Bey v. Malec*, No. 18-CV-02626-SI, 2018 WL 3145628, at *3 (N.D. Cal. Jun. 27, 2018). Moreover, the loss by Woodruff of what might be considered a speedier resolution by way of a default judgment is not in and of itself indicative of any prejudice. *See Nutrition Distribution LLC v. Black Diamond Supplements LLC*, No. CV-17-01869-PHX-JAT, 2018 WL 1109556, at *4 (D. Ariz. Mar. 1, 2018). Accordingly, the final factor also weighs in favor of setting aside default.

## CONCLUSION

Because the three factors in the good cause analysis favor setting aside the entry of default pursuant to Rule 55(c), the motion to set aside the entry of default against Cenlar FSB and Texas Capital Bank, N.A. is GRANTED.

The proposed motion to dismiss by Cenlar FSB and Texas Capital Bank, N.A. attached to the motion to set aside, Dkt. No. 38-1 at 24–38, is deemed filed as of the date of this order. Woodruff has until **August 6, 2020**, to file any response to this motion to dismiss. Any replies by Cenlar FSB and Texas Capital Bank, N.A. are due by August 13, 2020.

Hearing on the motion to dismiss is scheduled for August 26, 2020 at 2:00 p.m. The hearings on the motions to dismiss filed by Mortgage Electronic Registration System ("MERS"), Nationstar Mortgage LLC, and US Bank NA., Dkt. No. 36, and the motion to dismiss filed by Mason McDuffie Mortgage Corporation, Dkt. No. 37, are continued from August 12 to August 26 at 2:00 p.m. as well.

**IT IS SO ORDERED.**

Dated: July 24, 2020

William H. Orrick
United States District Judge