UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN-PAUL EL WOODRUFF,<br><br>    Plaintiff,<br><br>   v.<br><br>MASON MCDUFFIE MORTGAGE CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-cv-04300-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT; GRANTING MOTIONS TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. Nos. 31, 36, 37, 38 |

Pro se plaintiff Kevin-Paul El Woodruff initially filed his complaint in Contra Costa County Superior Court alleging claims for wrongful foreclosure, breach of contract, quiet title, slander of title, and injunctive relief against numerous defendants. The Superior Court dismissed it with leave to amend. Instead of amending, Woodruff improperly removed the case to this court. But after I found that former-defendant Ginne Mae Guaranteed Remic Trust 2017-134 Trust ("Ginnie Mae") had properly removed the case, Woodruff and co-borrower Tanya Stutson filed for bankruptcy and initiated adversary proceedings, causing this case to be automatically stayed.

The stay has now lifted and before me are Woodruff's and Stutson's motion for leave to file an amended complaint and three motions to dismiss from defendants. The motion for leave is GRANTED. However, after three opportunities (in state court, bankruptcy court, and here), the amended complaint is not only barred by judicial estoppel but also fails to state a cognizable claim. For these reasons, defendants' motions to dismiss are GRANTED with prejudice.

**BACKGROUND**

**I.  FACTUAL BACKGROUND**

On or about July 5, 2017, Woodruff and Stutson purchased property located at 2013 Mt. Hamilton Dr., Antioch CA 94531 (the "Property"). Leave to Amend Complaint ("LAC") [Dkt.

No. 31] ¶¶ 3, 25. They executed a Deed of Trust in the amount of $454,567, with defendant Mason McDuffie Mortgage Corporation ("MMMC") as the lender, Chicago Title Insurance Company as the trustee, and defendant Mortgage Electronic Registration System ("MERS") as the beneficiary. LAC ¶ 27; Defendants' Request for Judicial Notice in Support of Motion to Dismiss ("RJN") [Dkt. No. 36-1] Ex. 1.[1]

On August 21, 2018, MERS assigned the Deed of Trust to defendant Texas Capital Bank, N.A. ("Texas Capital"). *Id.*, Ex. 2. On January 29, 2019, Texas Capital assigned the Deed of Trust to defendant Nationstar Mortgage LLC ("Nationstar"). *Id.*, Ex. 3. On February 6, 2019, Nationstar appointed Barrett Daffin Frappier Treder & Weiss, LLP as the substituted trustee, who subsequently recorded a Notice of Default and Election to Sell on February 21, 2019. *Id.*, Exs. 4, 5. No foreclosure has occurred as of this date.

## II. PROCEDURAL BACKGROUND

### A. Initial Case

Woodruff and Stutson filed their initial case in this court on February 26, 2019 with a motion for a temporary restraining order, preliminary injunction, a notice of lis pendens, a request for a "writ of discovery," and an application to proceed in forma pauperis ("IFP") on behalf of Woodruff only. *Woodruff et al. v. Mason McDuffie Mortgage Corporation, et al.* (Case No. 19-cv-01054-LB-WHO). Magistrate Judge Laurel Beeler denied their motion and found that

---

[1] MERS, Nationstar, and US Bank request that I take judicial notice of several documents related to the underlying loan and bankruptcy proceedings: Deed of Trust recorded on July 5, 2017 (Ex. 1); Assignment of Deed of Trust to Texas Capital recorded on August 31, 2018 (Ex. 2); Assignment of Deed of Trust to Nationstar recorded on January 29, 2019 (Ex. 3); Substitution of Trustee appointing Barrett Daffin Frappier Treder & Weiss, LLP as the substituted trustee recorded on February 6, 2019 (Ex. 4); Notice of Default recorded on February 21, 2019 (Ex. 5); the state court's tentative ruling granting defendants' motion for judgment on the pleadings on July 18, 2019, which was adopted on July 19, 2019 (Ex. 6); the docket from the Chapter 7 proceedings in Case No. 4:19-bk-41825, *In re Kevin Paul Woodruff and Tanya Renea Stutson* (Ex. 7); docket form the adversary proceedings in Case No. 4:19-ap-04045, Kevin *Woodruff Estate Tanya Stutson Estate v. United States Department of Treasury, et al.* (Ex. 8).

Courts routinely take judicial notice of similar public records. *See Perez v. Am. Home Mortg. Servicing, Inc.*, No. 12-cv-00932-WHA, 2012 WL 1413300, at *2 (N.D. Cal. Apr. 23, 2012) (judicial notice of a deed of trust and notice of default recorded with the Alameda County Recorder's Office); *Roca v. Wells Fargo Bank, N.A.*, No. 15-CV-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (judicial notice of filings in a bankruptcy proceeding). The request for judicial notice is GRANTED.

Woodruff's IFP application was incomplete. She directed them to submit a proper complaint along with complete IFP applications for both Woodruff and Stutson.

On March 4, 2019, Woodruff and Stutson filed a complaint, bringing the following causes of action: (i) lack of standing/wrongful foreclosure; (ii) breach of contract; (iii) quiet title; (iv) slander of title; (v) for temporary restraining order/injunctive relief; and (vi) declaratory relief. However, they both failed to file IFP applications. On May 17, 2019, I adopted Judge Beeler's recommendation to dismiss their complaint, without prejudice, for failure to submit complete IFP applications or pay the civil case filing fee.

### B. State Court Proceedings

Woodruff filed an identical complaint in Contra Costa County Superior Court on March 22, 2019. Notice of Removal [Dkt. No. 1]. On July 19, 2019, that court granted a motion for judgment on the pleadings as to the entire complaint on behalf of Nationstar, MERS, and US Bank. RJN, Ex. 6.

The court first found that there were issues with the identity of the plaintiffs because it was "internally inconsistent whether it includes both the husband and wife involved here, Kevin Woodruff and Tanya Stutson." RJN, Ex. 6 at 6. Stutson's name was stricken from the case caption, but the court noted that she was an essential party given that she is a co-borrower on the Deed of Trust. *Id.* The court also found Woodruff's allegation of an "estate" problematic because estates "are not the borrowers on the Deed of Trust." *Id.* at 7.[2]

Turning to the merits of the complaint, the court identified that "Plaintiffs' principal thesis in the complaint is an attack on the chain of ownership of the deed of trust and hence the right to foreclose." RJN, Ex. 6 at 7. The court held that defendants' judicially noticed documents clearly show "that the chain of title is sufficiently established, and that the party purporting to foreclose on the Deed of Trust is entitled to do so." *Id.* This disposed of the first cause of action for "lack

---

[2] As a co-owner of the Property and a signatory to the Deed of Trust, Stutson is an indispensable party in this case. Although Woodruff initially did not include her in the state court proceedings, or in his Notice of Removal, it appears that he has now joined Stutson as a plaintiff as her name is listed in the LAC's case caption.

of standing/wrongful foreclosure", and the derivative third, fifth and sixth causes of action for quiet title, "TRO/injunctive relief", and declaratory relief. *Id.* at 8.

The second cause of action for breach of contract against MMMC and MERS was dismissed because there was no allegation of a contract between them. *Id.* The remaining fourth cause of action for slander of title was dismissed because there was no allegation of a particular false statement and appeared derivative of the first cause of action for wrongful foreclosure. *Id.*

Although Woodruff and Stutson failed to respond to the motion, the court granted leave to amend because they "may be able to sharpen and better explain their theories once they have absorbed defendants' motion and the judicially noticed documents." *Id.*

### C. Removal to this Court

Instead of filing an amended complaint, Woodruff improperly removed the case to this court on July 26, 2019. Notice of Removal [Dkt. No. 1]. On July 30, 2019, Magistrate Judge Joseph C. Spero issued a report and recommendation, recommending that the case be remanded sua sponte to state court because only a defendant may remove a case. The case was reassigned to me as it was related to Woodruff and Stutson's initial federal case. On August 22, 2019, I declined to adopt Judge Spero's recommendation because one of the defendants, Ginnie Mae, intended to remove the case but Woodruff removed it first. Order Declining to Adopt Report and Recommendation; Construing Government's Notice as Notice of Removal [Dkt. No. 11].[3]

### D. Bankruptcy Proceedings

On August 12, 2019, Woodruff and Stutson filed a Chapter 7 bankruptcy petition, causing this case to be stayed. RJN, Ex. 7 (docket of Chapter 7 proceedings in Case No. 4:19-bk-41825, *In re Kevin Paul Woodruff and Tanya Renea Stutson*). On September 4, 2019, they also filed an adversary proceeding in bankruptcy court. RJN, Ex. 8 (docket of adversary proceedings in Case No. 4:19-ap-04045, *Kevin Woodruff Estate Tanya Stutson Estate v. United States Department of Treasury, et al.*).

The bankruptcy court granted defendants' motions to dismiss the adversary proceeding for

---

[3] On June 19, 2020, I granted the parties' stipulation to dismiss Ginnie Mae from this suit. Order Dismissing Defendant Ginnie Mae [Dkt. No. 35].

lack of subject matter jurisdiction, and the case was closed on December 23, 2019. RJN , Ex. 8. The bankruptcy court discharged the Chapter 7 petition on April 6, 2020, and that case was closed on the same day. RJN, Ex. 7. The stay in this case was lifted on April 23, 2020.

### E. Amended Complaint

At the June 9, 2020 Case Management Conference, at which Woodruff and Stutson did not appear, defendants indicated that they received the LAC but it had not been filed on the docket. I instructed defendants to file the LAC electronically for me to review and to respond to the LAC by June 30, 2020. Before me are their three motions to dismiss. Defendants' Nationstar Mortgage LLC, Mortgage Electronic Registration Systems, Inc., and US Bank, N.A.'s Motion to Dismiss [Dkt. No. 36]; Defendant Mason McDuffie Mortgage Corporation's Motion to Dismiss [Dkt. No. 37]; Defendants Cenlar FSB and Texas Capital Bank, N.A.'s Motion to Dismiss [Dkt. No. 38-1].[4]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a complaint if the court does not have jurisdiction over it. In reviewing a "facial" jurisdictional attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss if a claim fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant

---

[4] Cenlar and Texas Capital initially moved to set aside the Contra Costa County Superior Court's entry of default, which I granted. Order Granting Motion to Set Aside Entry of Default [Dkt. No. 44]. I deemed their proposed motion to dismiss, attached to their motion to set aside default, as filed and ordered Woodruff and Stutson to respond to it by August 6, 2020. *Id.*

is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

## DISCUSSION

As an initial matter, I GRANT Woodruff's motion for leave to file the amended complaint. The state court granted him leave to file an amended complaint by August 16, 2019. RJN, Ex. 6 at 6. Given the procedural history of this case, including a removal and automatic bankruptcy stay, he did not file one until sometime in early June 2020, and I find good cause to allow the pro se plaintiff to proceed. But, as discussed below, his LAC is terminally deficient in multiple ways.

## I. BILL IN EQUITY

At the hearing, Woodruff declined to respond to my tentative ruling dismissing this case and repeatedly claimed that this is a "matter of equity," referring to the "Bill in Equity" he and Stutson filed in response to defendants' motions to dismiss. Notice of Bill in Equity [Dkt. No. 39]. The Bill in Equity claims to "invoke Court of Equity/Admiralty as provided out of The Saving to Suitors Clause." *Id.* Its citation to 28 U.S.C. section 1333(1) makes no sense because that statute gives district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). This case does not involve admiralty or maritime issues.

The concept of "equity" usually arises in the foreclosure context when a defaulted borrower can allege tender of the amount of the lender's secured indebtedness in order to maintain a cause of action for irregularity in the sale procedure. *See Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1197 (E.D. Cal. 2013) ("An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes."). Woodruff and Stutson do not claim to do that here.

Their equity argument seems to be rooted in something else. Attached to the Bill in Equity is a letter to the United States Securities and Exchange Commissions from an organization that

identifies itself as a "grassroots movement to eliminate inequities and to E-RACISM," which is defined as a mission to "recognize", "repent", and "restore." It appears that plaintiffs are using this as their basis for invoking equity and not responding to any of the defendants' dismissal arguments on the theory that they are generally immune from applicable laws. Arguments of this sort have been routinely and summarily rejected by the courts. *Richmond v. Cockrum*, No. 20-CV-00389-RMI, 2020 WL 2494566, at *3 (N.D. Cal. May 14, 2020) (citing cases).[5] The equity argument has no merit.

To the extent that the Bill in Equity can be considered an opposition to defendants' motions, it fails to provide a reason why I should not dismiss this case. It improperly claims that defendants' motions should be denied because they are "hearsay". *See Scarlett v. Resol Grp. LLC*, No. 5:14-CV-05512-EJD, 2015 WL 1009829, at *1 n.2 (N.D. Cal. Mar. 5, 2015) (denying plaintiffs motion to strike defendant's motion to dismiss as "hearsay" because "a motion and supporting declaration are neither hearsay nor improper attorney testimony"). It also reiterates the same ambiguous allegations made in in the LAC and does not address any of the deficiencies identified by the defendants. As discussed next, these deficiencies ultimately doom Woodruff's and Stutson's claims.

## II.  LACK OF STANDING AND JUDICIAL ESTOPPEL

Defendants argue that the LAC must be dismissed in its entirety because Woodruff and Stutson failed to schedule their claims in their Chapter 7 bankruptcy case, and therefore lack standing to pursue claims held by the bankruptcy trustee. For the same reasons, they are judicially estopped from asserting the claims.

A debtor has a "duty to prepare schedules carefully, completely, and accurately." *In re Mohring*, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992), *aff'd,* 153 B.R. 601 (B.A.P. 9th Cir. 1993), *aff'd,* 24 F.3d 247 (9th Cir. 1994). "Although there are no bright-line rules for how much itemization and specificity is required," a debtor is "required to be as particular as is reasonable

---

[5] Plaintiffs have not identified themselves as "sovereign citizens," but their filings are analogous. Sovereign citizen claims are claims from individuals who, even though they physically reside in the United States, do not recognize the authority of the federal government and believe that they are not subject to the laws or jurisdiction of governmental entities.

1  under the circumstances." *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001) (internal quotation marks and citation omitted).

3  The Ninth Circuit has been clear as to the legal consequences of failing to disclose potential claims to the bankruptcy court. Generally, property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," including potential causes of action. *See* 11 U.S.C. § 541(a)(1). The bankruptcy code places an affirmative duty on debtors to schedule their assets and liabilities with the bankruptcy court, including potential causes of action. *See, e.g.*, 11 U.S.C. § 521(1); *Cusano v. Klein*, 264 F.3d 936, 947–48 (9th Cir. 2001) (debtor was "under a duty to schedule [open book accounts] as a receivable or as a cause of action for unpaid royalties and "[h]is failure to do so vests the claim in the bankruptcy estate, where it remains"). Where a debtor fails to schedule a potential claim with the bankruptcy court, the claim remains the property of the bankruptcy trustee, not the debtor. *See Cusano*, 264 F.3d at 947–48 ("[i]f [debtor] failed properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and did not revert to [debtor]"); *see also Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir. 1982) ("It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it.").

20  The Ninth Circuit has also applied judicial estoppel in such circumstances to prevent plaintiffs from asserting relevant claims that they failed to disclose during bankruptcy proceedings. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) ("This court has held that a debtor who failed to disclose a pending claim as an asset in a bankruptcy proceeding where debts were permanently discharged was estopped from pursuing such claim in a subsequent proceeding"); *see, e.g.*, *Daniel v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02652-MCE, 2012 WL 2118539, at *4 (E.D. Cal. June 4, 2012) (plaintiffs who "filed their lawsuit in state court during the pendency of the bankruptcy action" were on notice of their claims but failed to raise them in bankruptcy proceedings, and therefore were "estopped form proceeding

8

with this lawsuit").

Woodruff and Stutson filed their Chapter 7 bankruptcy petition on August 12, 2019, well after the alleged events occurred giving rise to the claims alleged in this action. RJN, Ex. 7 (docket of Case No. 4:19-cv-bk-41825 *In re Kevin Paul Woodruff and Tanya Renea Stutson*). Item 33 of Schedule A/B in the voluntary Chapter 7 petition instructs debtors to list "claim against third parties, whether or not you have filed or made a demand for payment," giving as examples "accidents, employment disputes, insurance claims, or rights to sue." *Id.* at Dkt. No. 1. They only listed a single claim for $458,767,138.00 related to a "United States Corporation Administrative Judgment." *Id.*

This single-entry fails to qualify as a reasonable attempt to provide notice to the trustee of the purported claims against defendants in this action, "despite having knowledge of all the facts underlying the claims well before [Woodruff and Stutson] filed for bankruptcy." *Yack v. Washington Mut., Inc.*, 389 B.R. 91, 96 (N.D. Cal. 2008). At the time of their Chapter 7 petition, they had had already filed a case against defendants and removed it to this court less than a month prior, and yet they failed to meet their statutory duty to schedule their claims in the Chapter 7 petition. This non-disclosure "ultimately worked to [their] advantage in the bankruptcy proceedings" because the trustee issued a report of no distribution and the bankruptcy court discharged the case. *Yack*, 389 B.R. at 97; *see* RJN, Ex. 7. They cannot "take an inconsistent position, by asserting claims that should have been disclosed, and were required to be disclosed, to obtain monetary and declaratory benefits." *Yack*, 389 B.R. at 97.

Because Woodruff and Stutson failed to disclose the instant claims against defendants in the bankruptcy proceedings, despite having knowledge of all the facts underlying the claims well before they filed for bankruptcy, defendants' motions to dismiss for lack of standing and judicial estoppel are GRANTED.[6]

---

[6] Cenlar and Texas Capital also argue that the LAC is barred by res judicata because Woodruff and Stutson already attempted to challenge the rights of defendants to foreclose on the Property in the adversary proceedings they filed in bankruptcy court. RJN, Ex. 8 (docket form the adversary proceedings in Case No. 4:19-ap-04045, *Kevin Woodruff Estate Tanya Stutson Estate v. United States Department of Treasury, et al.*). A review of the bankruptcy court's orders granting defendants' motions to dismiss reveals that the claims were dismissed, without prejudice, due to

9

### III. FAILURE TO STATE A CLAIM

Not only is the LAC barred by judicial estoppel, it also utterly fails to state a plausible claim. Woodruff and Stutson fail to distinguish the alleged wrongdoing between the defendants in this case. They simply plead a blanket assertion that the Deed of Trust is void due to allegedly deficient transfers under convoluted and nonsensical arguments that involve inapplicable law. I address each of their causes of action ("COA") in turn.

#### A. COA 1: Lack of Standing/Restraint of Trade

To state a claim under Section 1 of the Sherman Act, plaintiffs must allege: "(1) an agreement or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain competition; and (3) which actually injures competition." *Kendall v. Visa U.S.A. Inc.*, No. C 04-04276 JSW, 2005 WL 2216941, at *2 (N.D. Cal. Jul. 25, 2005), *aff'd,* 518 F.3d 1042 (9th Cir. 2008) (citation omitted); *see also Monsanto Co. v. Spray–Rite Serv. Corp.*, 465 U.S. 752, 764 (1984) (to prevail on a Section 1 Sherman Act claim, a plaintiff must establish a "conscious commitment to a common scheme designed to achieve an unlawful result").

Woodruff and Stutson allege that defendants violated "Restraint of Trade" when they "withheld the deposit receipt of credit-check" and acted in "in furtherance of a criminal enterprise." LAC ¶ 36. They cannot rely on the Sherman Act to provide a criminal remedy for anti-trust violations. To the extent that they seek to bring a similar civil cause of action, they fail to adequately plead the existence of an agreement between the parties, its object and its accomplishments. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).

It appears that they are using this cause of action to challenge the chain of ownership of the Deed of Trust in order to avoid foreclosure, as they did in the original state court complaint. The state court rejected their similarly-worded "lack of standing/wrongful foreclosure" cause of action

---

lack of subject matter jurisdiction. Res judicata does not apply when there is no final judgment on the merits. *See Dei Gratia v. Stafford*, No. 14-CV-04019-LHK, 2015 WL 332633, at *7 n.2 (N.D. Cal. Jan. 23, 2015). Nevertheless, as discussed above, the doctrine of judicial estoppel applies and bars them from pursuing their claims.

because it does not undermine the "clear documentary showing by judicial notice that the chain of title is sufficient to support this foreclosure." RJN, Ex. 6 at 7; *see id.* ("In plain terms, that means that even if the lender parties didn't dot all the i's and cross all the t's on their transfer paperwork as plaintiffs allege, plaintiffs are not the parties with standing to assert that the transfers are ineffective, so long as the lender parties themselves are all accepting the transfers as valid."). The same is true here. The first cause of action fails.

### B.  COA 2: Monopolizing Trade

Woodruff and Stutson purport to bring this cause of action under a different section of the Sherman Act, 15 U.S.C. section 2. "There are four essential elements of a [section] 2, attempt to monopolize claim: 1) specific intent to control prices or destroy competition with respect to a part of commerce; 2) predatory or anticompetitive conduct directed to accomplishing the unlawful purpose; 3) a dangerous probability of success and 4) antitrust injury." *California Computer Products Inc. v. International Business Machines*, 613 F.2d 727, 736 (9th Cir. 1979).

It is difficult to determine what activity is being alleged in the LAC under this cause of action. There is no allegation of price fixing or other anticompetitive conduct. Instead, it appears that this cause of action is yet another way to challenge the chain of ownership of the Deed of Trust in order to avoid foreclosure. *See* LAC ¶ 12 (alleging that they "dispute Defendants' colorable claim to legal title of the Prime Market Real Property in question"); *id.* ¶ 39 (alleging that defendants "[s]old through a Credit-Application Offering" and engaged in "tax evasion schemes"). It fails.

### C.  COA 3: Violation of the Fair Debt Collection Practices Act

The Federal Debt Collection Practices Act ("FDCPA") prohibits "debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To be liable for a violation of the FDCPA, the defendant must – as a threshold requirement – be a debt collector within the meaning of the Act. *Putkkuri v. Recontrust Co.*, 2009 WL 32567, at *7 (S.D. Cal. Jan. 5, 2009).

The law is well settled that FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt." *Lal v. Am.*

*Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985)). Acts of foreclosing on a property pursuant to a deed of trust are not "debt collection" within the meaning of the FDCPA. *Nera v. Am. Home Mortg. Servicing, Inc.*, No. C-09-2025 RMW, 2009 WL 2423109, at *4 (N.D. Cal. Aug. 5, 2009) (citation omitted). "Additionally, creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the Act. *Id.* (citation omitted).

Woodruff and Stutson allege that defendants "violated FDCPA when they collected . . . on an unsecure debt asset." LAC ¶ 42. They fail to allege that any of the defendants are debt collectors as defined by the FDCPA. A conclusory allegation identifying defendants as debt collectors in order to assert a FDCPA claim "is not sufficient to support a claim against defendants for violating the FDCPA." *Nera*, 2009 WL 2423109, at *4. Because the LAC does not allege the underlying facts which give rise to the violation of the FDCPA, this claim fails.

### D. COA 4: Unlawful Securitization of Intellectual Property

This cause of action appears to be entirely made up and makes no sense. It is unclear what intellectual property is at issue. And Woodruff and Stutson cite 8 U.S.C. section 1481, which concerns what happens when a person relinquishes her United States nationality.

Plaintiffs again appear to be using this cause of action to challenge the right to foreclose. *See* LAC ¶ 49 (alleging that "[t]his cause of action focuses on securitization as it pertains to asset-backed securities and mortgage-credit collateral backed securities" and challenges that the "claims of all Defendants are without any legal right whatsoever"); *id.* ¶ 51 (alleging that "none of the Defendants in this case hold a perfected and secured claim in the Principal Property or original intellectual property"). It is incomprehensible and it fails.

### E. COA 5: Swindle/Embezzlement Act Trafficking/Trademark/Counterfeiting Securities Goods

Like the previous cause of action, this cause of action is off kilter. Woodruff and Stutson seem to be complaining of a conspiracy that defendants somehow breached a duty to the U.S. Social Security Administration. Even if I take these allegations as true, plaintiffs do not have standing to assert the rights or causes of action on behalf of the federal government. They cite to

multiple sections of title 18 of the United State Code, covering crimes and criminal procedure. Criminal provisions provide no basis for civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). This cause of action fails.

### F. COAs 6 and 7: Injunctive Relief and Declaratory Relief

Woodruff and Stutson appear to be seeking the same relief in these separate claims for injunctive and declaratory relief as in their other causes of action. The state court disposed of their similar "TRO/Injunctive Relief" and "Declaratory Relief" causes of actions in the original complaint because they were "merely derivative of the first [cause of action], asserting no independent theories, and so fall with the first." RJN, Ex. 6 at 8. The same is true in the LAC.

Altogether, the LAC fails to state a claim upon which relief can be granted under Rule 12(b)(6). The state court allowed Woodruff and Stutson "one more chance to see if they can allege a viable claim" because they "may be able to sharpen and better explain their theories once they have absorbed defendants' motion and the judicially noticed documents." RJN, Ex. 6 at 8. The LAC appears to bring the same challenge to foreclosure, but instead of explaining their theories, they have set forth even more confusing and convoluted allegations that are nearly impossible to decipher.

Defendants' motion to dismiss for failure to state a claim is GRANTED.

## CONCLUSION

For the foregoing reasons, Woodruff's and Stutson's motion for leave to file the LAC is GRANTED and defendants' motions to dismiss the LAC are GRANTED. Because they have had multiple opportunities to pursue their case in state court, in bankruptcy court and before me, I grant the dismissal WITH PREJUDICE. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: September 1, 2020

William H. Orrick
United States District Judge